UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORYDON COFFIN,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>METAGENICS, INC.,<br><br>　　　　　　　　　Defendant. | CASE NO. C12-5789 RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL AND MOTION FOR AN EXTENSION OF TIME TO SUBMIT INITIAL DISCLOSURES |

　　　　This matter comes before the Court on Defendant Metagenics, Inc's. (Metagenics) Motion to Stay Proceedings and Compel Arbitration. Dkt. 13. Also before the Court is Plaintiff's Motion for Appointment of Counsel (Dkt. 11) and Plaintiff's Motion for an Extension of Time to Submit Initial Disclosures (Dkt. 12). The Court has considered the pleadings in support of and in opposition to the motions and the record herein.

## INTRODUCTION AND BACKGROUND

This is an action for unlawful employment practices and constructive discharge in violation of public policy. Dkt. 1 pp. 6-9; Dkt. 17. Plaintiff's prior employer, Metagenics, moves to compel arbitration and for a stay of proceedings. Dkt. 13. In support of its motion, Metagenics has submitted a declaration of its Human Resources Manager which includes a copy of the "Arbitration Agreement" signed by its former employee, Plaintiff Corydon Coffin. Dkt. 14 pp. 1-6. The Arbitration Agreement states that Corydon Coffin agrees to arbitrate any dispute, claim, or controversy against Metagenics regarding claims of breach of contract, wrongful discharge, tortuous conduct, and federal claims for employment discrimination and harassment. Dkt. 14 p. 5.

In response to the motion to compel arbitration, Plaintiff states that he "conditionally accepts a stay of proceedings and compulsion to engage in arbitration with Defendant Metagenics." Dkt. 16 p. 1. Plaintiff's acceptance of arbitration is conditioned on a request that Metagenics provide certain discovery regarding his claim of wrongful discharge. *Id*. Plaintiff also requests that the Court determine his motion for appointment of counsel prior to submitting the matter to arbitration. *Id*. at p. 2.

## FEDERAL ARBITRATION ACT

The Federal Arbitration Act (FAA) creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). The FAA applies to any "written provision in ... a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Arbitration agreements formed in connection with contracts of employment touch on commerce, and thus, are enforceable under the FAA. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119

ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL AND MOTION FOR AN EXTENSION OF TIME TO SUBMIT INITIAL DISCLOSURES- 2

(2001); *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 744 (9th Cir. 2003) Pursuant to the FAA, arbitration agreements are "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The district court is very limited in its power to refuse a motion to compel arbitration. The FAA "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Thus, agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement. Such grounds for revocation include "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). Waiver of the arbitration clause is also a possible defense. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25.

The standard for demonstrating arbitrability is not high. The FAA leaves no room for the exercise of discretion, but mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The court's only role when presented with a question of arbitrability is to determine (1) whether a valid arbitration agreement exists and (2) whether the scope of the parties' dispute falls within that agreement. See, 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Here, the Plaintiff does not dispute that the scope of the parties' dispute falls within the arbitration agreement. Nor does Plaintiff contest the validity of the arbitration agreement. An offer of employment may constitute consideration for a party's consent to subject his future

ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL AND MOTION FOR AN EXTENSION OF TIME TO SUBMIT INITIAL DISCLOSURES- 3

employment related legal claims to arbitration. *See Equal Employment Opportunity Comm'n v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 749-50 (9th Cir. 2003).

Plaintiff is not entitled to accept arbitration conditionally. The Court's sole function is to determine the existence and scope of the arbitration agreement. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). Plaintiff cannot condition arbitration on further discovery in this Court proceeding, or on the appointment of counsel.[1]

For these reasons, the matter is subject to arbitration, and Metagenics is entitled to an order requiring Plaintiff's claims be submitted to arbitration.

## CONCLUSION

Therefore, it is hereby **ORDERED:**

1. Defendant's Motion to Stay Proceedings and Compel Arbitration (Dkt. 13) is **GRANTED**. Plaintiff shall submit his claims to arbitration pursuant to the Arbitration Agreement and this matter is **STAYED** pending resolution of the arbitration proceedings.

2. Plaintiff's Motion for Appointment of Counsel (Dkt. 11) is **DENIED** as **WITHOUT PREJUDICE**.

---

[1] Plaintiff's motion for appointment of counsel appears to be without merit. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(d), the court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.; Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). While the court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989). Plaintiff has not established *in forma pauperis* status. Moreover, Plaintiff has not demonstrated a likelihood of success on the merits or exceptional circumstances which warrant appointment of counsel.

ORDER GRANTING DEFENDANT'S MOTION
TO STAY PROCEEDINGS AND COMPEL
ARBITRATION AND DENYING AS MOOT
PLAINTIFF'S MOTION TO APPOINT COUNSEL
AND MOTION FOR AN EXTENSION OF TIME
TO SUBMIT INITIAL DISCLOSURES- 4

1     3.   Plaintiff's Motion for an Extension of Time to Submit Initial Disclosures (Dkt. 12) is

2        **DENIED** as **MOOT**.

3        Dated this 17th day of December, 2012.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
TO STAY PROCEEDINGS AND COMPEL
ARBITRATION AND DENYING AS MOOT
PLAINTIFF'S MOTION TO APPOINT COUNSEL
AND MOTION FOR AN EXTENSION OF TIME
TO SUBMIT INITIAL DISCLOSURES- 5